IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**NORBERTO BARRERA,**
       **Petitioner,**

v.                                        Civil Action No.: 3:17-CV-26
                                             (GROH)

**JENNIFER SAAD,**
       **Respondent.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On March 20, 2017, the *pro se* Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of his conviction and sentence imposed in the United States District Court for the Western District of Texas. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II.    FACTS[1]

#### A.    Petitioner's Conviction and Sentencing

On February 6, 1996, a 2-count indictment was returned against Petitioner which charged him with conspiracy to distribute marijuana, a Schedule I Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), and attempting to distribute marijuana, a Schedule I Controlled Substance, also in violation of 21 U.S.C. § 841(a)(1).  ECF

---

[1] All CM/ECF references in Facts sections II.A., II.B. and II.C. refer to entries in the docket of Criminal Action No. 1:96-CR-22, Western District of Texas, unless otherwise noted. The information taken from Petitioner's criminal docket in the United States District Court for the Western District of Texas is available in PACER.

Nos. 3, 58. On March 5, 1996, a superseding indictment was returned, but later dismissed upon the Government's motion. ECF Nos. 9, 40.

Petitioner entered into a written plea agreement with the Government on April 12, 1996, as to Counts 1 and 2 of the original indictment. ECF No. 22. Petitioner's guilty plea to both counts was accepted by the Court on the same date. Id.

On May 3, 1996, Barrera was declared a fugitive and a warrant was issued for his arrest. He remained a fugitive for nine years until he was arrested in Houston, Texas on June 13, 2005. ECF No. 58 at 1 – 2.

On September 1, 2005, Petitioner was sentenced to 360 months of imprisonment, followed by five years of supervised release. ECF Nos. 35, 39, 58.

### B. Petitioner's Direct Appeal

On September 9, 2005, Petitioner filed a notice of appeal to the United States Court of Appeals for the Fifth Circuit.[2] ECF No. 37. On January 24, 2006, the appeal was dismissed by the Fifth Circuit for want of prosecution because Petitioner failed to timely pay the docketing fee. ECF No. 45. Thereafter the appeal was reinstated, but on June 22, 2006, the appeal was dismissed upon the Government's motion. ECF Nos. 49, 50.

### C. Petitioner's Attempts for Post-Conviction Relief

On July 23, 2007, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 and a memorandum in support thereof. ECF Nos. 52, 53. In his § 2255 motion Petitioner alleged that: (1) he was denied effective assistance of counsel during the plea colloquy because his attorney improperly advised him to enter a plea of guilty to conspiracy as charged in Count 1 of the indictment, when there was insufficient factual

---

[2] In the Fifth Circuit, that appeal was docketed as 05-51352.

2

basis to support the conspiracy charge; (2) the court erred in sentencing Petitioner to 360 months because factual basis did not support the conspiracy charge; and (3) the Court erred in sentencing him to 360 months at an offense level of 40 based on more than 30,000 kilograms of marijuana on Count 2, possession with intent to distribute marijuana, because he was arrested while trying to sell only 500 pounds of marijuana. ECF Nos. 52, 58.  By order filed[3] November 2, 2007, the District Court denied Petitioner's § 2255 motion.  ECF No. 58.

On March 31, 2008, Petitioner filed a notice of appeal with the Fifth Circuit.[4] ECF No. 61.  The Fifth Circuit dismissed the appeal as untimely on April 30, 2008. ECF No. 65.  On August 19, 2008, in the District Court, Petitioner filed a motion under Federal Rule of Civil Procedure 60(b)(1) seeking relief from judgment of the Fifth Circuit, arguing that equitable tolling should be applied to his untimely filing.  ECF No. 67.  On August 27, 2008, the District Court denied Petitioner's motion for relief.  ECF No. 68.  Petitioner's September 22, 2008 motion to reconsider that ruling was denied by order entered September 26, 2008.  ECF Nos. 69, 70.

On October 14, 2008, Petitioner filed a *pro se* motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).  ECF No. 71.  In denying that motion, the District Court noted that "now Mr. Barrera attempts to 'alter or amend' the judgment of November 2, 2007," [ECF No. 58] which denied his § 2255 petition. ECF No. 72.  The court denied the motion on the basis that it was untimely filed[5], the

---

[3] The Order which denied Petitioner's § 2255 motion was entered by the District Court on October 31, 2007, but was not filed by the Clerk until November 2, 2007.  ECF No. 58.

[4] In the Fifth Circuit, that appeal was docketed as 08-50307.

[5] The 2007 version of F.R.Civ.P. 59(e) then in effect provided that, "A motion to alter or amend a judgment must be filed no later than ten days after the entry of the judgment."  As of December 1, 2009,

judgment having issued nearly a year before the motion to alter or amend having been filed. Id.

On November 3, 2008, Petitioner filed a notice of appeal of the denial of his motion to alter or amend. ECF No. 73. The Fifth Circuit affirmed the judgment of the District Court on October 19, 2009. ECF No. 79.

On March 30, 2015, Petitioner filed a motion to reduce sentence. ECF No. 82. By order entered on November 6, 2015, the District Court reduced Petitioner's sentence from 360 months to 292 months, and ordered the sentences for Counts 1 and 2 to run concurrently to one another. ECF No. 84.

Thereafter, on September 6, 2016, Petitioner filed a motion for a second or successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. ECF No. 90. While his September 6, 2016, motion was pending, on September 12, 2016, Petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. ECF No. 91. Therein he raised the following grounds: (1) ineffective assistance of counsel during plea colloquy and arraignment; (2) the court erred in accepting the guilty plea for conspiracy where no factual basis existed for such a plea; and (3) illegal imposition of sentence. Id. These grounds were nearly identical to the grounds as articulated by Petitioner in his first § 2255 motion filed on July 23, 2007. By order entered September 22, 2016, the District Court dismissed without prejudice the motion to vacate and denied a certificate of appealability. ECF No. 98.

On September 12, 2016, Petitioner also filed three motions seeking authorization to file a second or successive motion for collateral review pursuant to 28 U.S.C. §

---

the Rule provides that, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

2244(b)(3). ECF Nos. 94, 95, 96. The District Court dismissed all three motions in a single order entered on September 22, 2016, and ordered that motions regarding successive motions be transferred to the Court of Appeals. ECF No. 99. The same order also dismissed two other motions [ECF Nos. 90, 97] filed by Petitioner. Id. By order entered December 21, 2016, the Fifth Circuit denied Petitioner's motion for authorization to file a successive § 2255 motion. ECF No. 103.

### D. Instant § 2241 Petition[6]

In support of his § 2241 petition now before this Court, Petitioner initially claimed he was illegally sentenced, that his indictment was defective and therefore invalid, and that the sentencing judge abused his authority. ECF No. 1 at 5 – 6. The petition requested that "the Court [ ] vacate his sentence." Id. at 8. Thereafter, on August 21, 2017, Petitioner filed a "Supplemental Petition for Habeas Corpus". ECF No. 8. Therein, he asserts that the three claims raised in his initial petition are combined "since they all deal with the defective indictment." Id. at 1. The supplemental petition asserts two additional grounds for relief: that Petitioner received ineffective assistance of counsel related to the calculation of the sentencing guidelines; and that Petitioner was "sentenced with no trial or any official plea of guilty."[7] In his supplemental petition, Petitioner requests that his conviction be vacated, and that his seized property be

---

[6] All CM/ECF references in Facts section II.D. refer to entries in the docket of Civil Action No. 3:17-CV-26, Northern District of West Virginia, unless otherwise noted.

[7] In the initial petition, Petitioner claimed that the judge "abuse[d] his authority to sentence petitioner without a plea agreement or trial and without the drug amount alleged within the indictment." ECF No. 1 at 6. In the supplemental petition, Petitioner claims that his due process rights were violated "because he was sentenced without a trial or an official plea of guilty before the court." ECF No. 8 at 6. However, Petitioner acknowledged that he "entered a plea in 1996" but claims "he still has had his rights violated [ ] because after the plea agreement [was entered] in 1996 the Petitioner left to [go] to Mexico. . . This incident of leaving rendered his plea to be void." Id.

5

returned to him.  ECF No. 8 at 7.  On June 25, 2018, Petitioner filed a motion for expedited review of his petition.  ECF No. 15.

### III. LEGAL STANDARD

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[8] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the

---

[8] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[9] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

---

[9] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

a. The date on which the judgment of conviction becomes final;
b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Further, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241. . . as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added). The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

## IV. ANALYSIS

Petitioner does not seek relief under any permissible ground in his § 2241 petition. Petitioner asserts that the indictment against him was defective; that he received ineffective assistance of counsel during his plea entry and sentencing, and he

9

was improperly sentenced without a trial or "official" plea of guilty. ECF Nos. 1, 8. He seeks to have his conviction vacated and to have seized property be returned to him. ECF No. 8. His claims are unrelated to either the execution of sentence or calculation of sentence by the Bureau of Prisons. Instead his claim relates to the validity of his conviction in the Western District of Texas. Such claims are properly contested either on direct appeal or in a § 2255 proceeding, and thus the instant petition is actually an attempt to obtain relief available under § 2255, and should be treated as such.

Although Petitioner asserts that he is entitled to relief under the savings clause, it is clear that he is not entitled to its application. Petitioner states that his petition concerns both his conviction and his sentence. Accordingly, this Court must first apply the <u>Jones</u> standard to address his claims regarding his conviction. Even if Petitioner satisfied the first and the third elements of <u>Jones</u>, the crimes for which Petitioner was convicted, including conspiracy to distribute marijuana and attempt to distribute marijuana, remain criminal offenses, and Petitioner cannot satisfy the second element of <u>Jones</u>. Therefore, to the extent Petitioner attacks the validity of his conviction, he fails to establish that he meets the <u>Jones</u> requirements, and cannot demonstrate that § 2255 is an inadequate or ineffective remedy.

Next, the Court must review a petition which contests the imposed sentence under the four-part <u>Wheeler</u> test. As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed. Subsequently, a change to the Sentencing Guidelines led to the District Court reducing Petitioner's sentence from 360 to 292 months. However, Petitioner cannot meet the second element of the <u>Wheeler</u> test, because any change to the settled law which established

the legality of Petitioner's sentence has not been deemed to apply retroactively to cases on collateral review. Because Petitioner cannot meet the second prong of the Wheeler test, this Court does not need to consider the third or fourth parts of the test.

All of the issues asserted by Petitioner in his § 2241 petition are matters properly considered in a § 2255 motion. Because Petitioner cannot meet the savings clause of § 2255, Petitioner's claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the Petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.   RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's section 2241 petition be **DENIED and DISMISSED WITHOUT PREJUDICE**.

It is further recommended that Petitioner's motion for expedited review by **DENIED** as **MOOT**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir.

1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** June 27, 2018

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE