**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**NORBERTO BARRERA**,

    Petitioner,

v.                                                **CIVIL ACTION NO.: 3:17-CV-26**
                                                        **(GROH)**

**JENNIFER SAAD, Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. ECF No. 16. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R on June 27, 2018. In his R&R, Magistrate Judge Trumble recommends that the Petitioner's § 2241 petition [ECF No. 1] be denied and dismissed without prejudice.

### I. Background

The Petitioner in this case was convicted of: (1) conspiracy to distribute marijuana and (2) attempt to distribute marijuana. Although the Petitioner pled guilty, the Petitioner maintains that he is factually innocent of the conspiracy to distribute marijuana charge. Without the conspiracy conviction, the Petitioner asserts that the amount of marijuana attributable to him, the applicable sentencing guidelines and the corresponding sentence imposed would have been substantially lower. In the instant petition, the Petitioner

challenges (1) the indictment; (2) the plea; (3) the sentencing guidelines applied; and (4) the sentence imposed.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Having timely filed objections [see ECF No. 19], the Court will conduct a *de novo* review of the portions of the R&R to which the Petitioner objects.

## III. Discussion

Magistrate Judge Trumble recommended that the petition be dismissed because all the issues presented are matters properly considered in a § 2255 motion. While § 2255 contains a savings clause, Magistrate Judge Trumble determined that the Petitioner is not entitled to its application. In his objections, the Petitioner does not dispute that the issues presented in his petition are matters properly considered in a § 2255 motion. However, the Petitioner argues that he is entitled to relief under the savings clause. Specifically, he asserts that there have been intervening changes in law entitling

him to relief. Although Magistrate Judge Trumble addressed the alleged intervening changes in law [see ECF Nos. 10 and 13], the Court will briefly review why the savings clause is not applicable to the Petitioner's claims.

First, the charges to which the Petitioner pled guilty remain unlawful. The Petitioner does not argue, nor could he, that there has been a change in law legalizing conspiracy to distribute marijuana or attempt to distribute marijuana. As a result, the Petitioner cannot satisfy the second Jones requirement. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Therefore, as addressed in the R&R, the savings clause is inapplicable to the Petitioner's attack on his underlying conviction. Next, the Petitioner does not present a change in law that applies retroactively to his case on collateral review. While he cites several cases in his objections, none are applicable here. For that reason, the Petitioner does not meet the second prong of the Wheeler test. See United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018). Consequently, as Magistrate Judge Trumble correctly concluded, the savings clause does not apply to the Petitioner's attack on the validity of his sentence.

### IV. Conclusion

In sum, the Petitioner does not meet the requirements for the savings clause codified in 28 U.S.C. § 2255(e) and the Petitioner's claims cannot be considered under § 2241. Accordingly, upon careful review, the Court **ORDERS** that Magistrate Judge Trumble's Report and Recommendation [ECF No. 16] is **ADOPTED** for the reasons more fully stated therein. The Petitioner's § 2241 Petition [ECF No. 1] is **DENIED** and **DISMISSED WITHOUT PREJUDICE.** The Petitioner's Motion for Expedited Review of Petition [ECF No. 15] is **DENIED AS MOOT**.

3

The Clerk is **DIRECTED** to strike this matter from the Court's active docket. The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record herein and to mail a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested.

**DATED**: August 13, 2018

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE